# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYSON SAN AGUSTIN,<br><br>　　　　　　　Petitioner,<br>　v.<br>MR. FIGUEROA, Warden,<br><br>　　　　　　　Respondent | CASE NO. 16cv1972-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Petition for Writ of Habeas Corpus (ECF No. 1) filed by Petitioner Jayson San Agustin pursuant to 28 U.S.C. § 2241.

**I. Background**

Petitioner is a native and citizen of the Philippines. (ECF No. 3-1, Ex. A). Petitioner immigrated to the United States on September 13, 2006. *Id.*

On May 8, 2015, Petitioner was convicted of two counts of Lewd and Lascivious Acts with a Child under 14 years of age in violation of California Penal Code § 288(a), in the Superior Court of California for the County of San Diego. (ECF No. 3, Ex. B). Petitioner was sentenced to serve 365 days in jail. *Id.* Petitioner asserts that he was released from state custody on July 28, 2015. (ECF No. 4 at 2).

On July 28, 2015, the Department of Homeland Security ("DHS") served Petitioner a Notice to Appear and a Warrant to Arrest Alien and took Petitioner into custody pursuant to its authority under section 236 of the Immigration and Nationality Act ("INA"). (ECF No. 3-1 at 19, Ex. E). On July 28, 2015, Petitioner was placed in

removal proceedings. (ECF No. 3-1, Ex. C).

On September 8, 2015, an Immigration Judge denied bond. (ECF No. 3-1, Ex. D). On March 24, 2016, an Immigration Judge conducted a bond review pursuant to *Rodriguez v. Robbins*, 804 F.3d 1060, 1090 (9th Cir. 2015). The Immigration Judge determined that Petitioner was a danger to the community and should not be released from custody. (ECF No. 3-1, Ex. E). On April 15, 2016, Petitioner appealed the bond denial to the Board of Immigration Appeals ("BIA").[1] (ECF No. 3-1, Ex. F).

On August 1, 2016, the Immigration Judge denied Petitioner relief from removal and ordered him removed from the United States to the Philippines. (ECF No. 3-1, Ex. G).

On August 4, 2016, Petitioner filed the Petition for Writ of Habeas Corpus in the Court pursuant to 28 U.S.C. § 2241. (ECF No. 1). Petitioner contends that he is entitled to a writ of habeas corpus because he is being unlawfully detained and his constitutional rights were violated when he was released from state custody on July 28, 2015 and re-arrested by ICE because Petitioner is not a U.S. citizen. On August 18, 2016, Respondent filed a Return to Petition for Writ of Habeas Corpus. (ECF No. 3). On August 26, 2016, Petitioner filed a Traverse. (ECF No. 4).

**II. Standard of Review**

A federal court may grant a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 if a federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). The district court reviews bond hearing determination for constitutional claims and legal error. *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011).

**III. Discussion**

Petitioner contends that the "Immigration Nationality Act ("INA") section 236

---

[1] The Return filed by Respondent states that Petitioner's A-file does not contain a copy of the BIA decision, however, ICE's computer database indicates that on August 4, 2016, the BIA upheld the Immigration Judge's decision to deny bond. (ECF No. 3 at 2, n. 2).

or 8 U.S.C. section 1226(c)(1) is unconstitutional under the 4th Amendment." (ECF No. 1 at 4). Petitioner contends that INA 236(c) or 8 U.S.C. section 1226(c)(1) is unconstitutional under the First Amendment because it discriminates against "aliens based on their race or national origin." *Id.* at 5. Petitioner contends that 8 U.S.C. section 1226(c)(1) violates his Fifth and Fourteenth Amendment rights to due process "because the statute mandates custody indefinitely, a form of criminal punishment (e.g., 18 U.S.C. 3559) in an immigration charge that is plainly a civil matter." *Id.* at 6. Petitioner contends that he is "a criminal alien released from state custody and must remain free as the 'righteous' due process of law . . . ." *Id.* Petitioner contends that 8 U.S.C. section 1226(c)(1) violates his Eighth Amendment right to "no excessive bail or on cruel and unusual punishment." *Id.* at 7. Petitioner requests that the Court provide the type of relief that the Court provided in *Preap v. Secretary of Homeland Security*, 303 F.R.D. 566 (N.D. Cal. 2014), by granting a declaratory injunction ordering the Secretary of the Department of Homeland Security to release Petitioner from custody. Petitioner requests injunctive and declaratory relief for immediate release without bond and requests that the Court "abolish the statute 8 U.S.C. 1226(c)(1) . . . ." *Id.* at 8.

Respondent contends that the petition should be summarily dismissed because "the constitutionality of detention pending removal proceedings is controlled by well-settled Supreme Court and Ninth Circuit law." (ECF No. 3 at 1). Respondent contends that *Preap* does not apply because Petitioner was afforded bond review and is not being detained mandatorily. Respondent contends that *Preap* does not require release from custody, rather, it requires that certain aliens be treated as if they were not mandatorily detained and afforded a bond review.

In the Traverse, Petitioner asserts that "Respondent was not totally incorrect in alleging that *Preap* does not apply . . . Petitioner mentioned *Preap* . . . because this is 'how' petitioner respectfully requests this Hon. Court to order the DHS to [use the] 'mandatory use' DHS Form I-286, and make the DHS (not the immigration judge)

determine release . . . ." (ECF No. 4 at 2). Petitioner contends that Respondent is incorrect that detention pending removal is constitutional. Petitioner "requests that the Supreme Court in *Demore v. Kim*, 538 U.S. at 531 (2003) 'amend or revise' their ruling . . . ." *Id.* at 5.

The Supreme Court of the United States has held that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). The Supreme Court held that "detention, or temporary confinement, as part of the means necessary to give effect to the provisions for the exclusion or expulsion of aliens is valid" as it applies to a deportable criminal alien. *See id.* (quoting *Wong Wing v. U.S.*, 163 U.S. 228, 235 (1896)). Petitioner's detention under 8 U.S.C. § 1226(c) is similar to the petitioner's detention in *Demore* because Petitioner's detention has a definite termination point. *See Demore*, 538 U.S. at 531. On August 1, 2016, the Immigration Judge issued an order of removal for Petitioner, and Respondent represents that on August 4, 2016, the BIA upheld the removal decision. Petitioner has not alleged facts to show that his removal to the Philippines is not imminent.

In *Preap*, the district court ruled that aliens who were not immediately detained after release from criminal custody for offenses that support removal charges are eligible for bond hearings before an immigration judge. *Preap*, 303 F.R.D. at 579. In this case, Petitioner was released from state custody on July 28, 2015 and subsequently arrested by ICE. On September 8, 2015, an Immigration Judge denied Petitioner bond. (ECF No. 3, Ex. D). On March 24, 2016, an Immigration Judge conducted a bond review pursuant to *Rodriguez*, and denied bond on the grounds that Petitioner posed a danger to his community. (ECF No. 3-1, Ex E). The Court finds that *Preap* is not applicable to this case. Petitioner received the bond hearings he was entitled to while in detention pending his removal proceedings.

The Court concludes that Petitioner is not in custody in violation of "the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(a), (c)(3).

**IV. Conclusion**

    IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied.

DATED: August 31, 2016

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge